IN THE SUPREME COURT OF THE STATE OF DELAWARE

GABRIEL WALLACE,

Defendant Below,
Appellant,

v.

STATE OF DELAWARE,

Appellee.

§
§ No. 470, 2025
§
§ Court Below–Superior Court
§ of the State of Delaware
§
§ Cr. ID No. 1107001573 (N)
§
§
§

Submitted: May 15, 2026
Decided: July 31, 2026

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the parties' briefs and the Superior Court record, it appears to the Court that:

(1) Gabriel Wallace appeals the Superior Court's denial of his motion for the correction of an illegal sentence. For the following reasons, we affirm the Superior Court's judgment.

(2) On January 23, 2012, Wallace pleaded guilty to two counts of second-degree robbery and one count of possession of a firearm during the commission of a felony ("PFDCF"). As part of the plea agreement, Wallace acknowledged that he had four prior felony convictions—a 1996 conviction for theft, a 2003 conviction for second-degree burglary, a 2004 conviction for second-degree burglary, and a

2009 conviction for third-degree burglary—and that he had been sentenced as a habitual offender under 11 *Del. C.* § 4214(a) for the third-degree burglary conviction. Before sentencing, the State moved to have Wallace re-declared a habitual offender and sentenced under Section 4214(a) for PFDCF. The Superior Court granted the State's motion and sentenced Wallace as follows: for the first count of second-degree robbery, five years of incarceration, suspended for five years of Level IV probation (to be served at the Plummer Center), suspended after twelve months for two years and six months of Level III probation; for the second count of second-degree robbery, five years of incarceration, suspended for two years of Level III probation; and for PFDCF, twenty-five years of incarceration. Wallace did not appeal his convictions or sentence.

(3)     In September 2025, Wallace moved for the correction of an illegal sentence under Superior Court Criminal Rule 35(a), arguing that his sentence for PFDCF is illegal because it was enhanced based on prior convictions that were not found unanimously by a jury, in violation of *Erlinger v. United States*.[1] The Superior Court denied the motion, noting that Wallace "admitted his status as [a] habitual offender in the plea agreement," and concluding that "[j]ust as Wallace waived his right to have a jury determine his guilt beyond a reasonable doubt when he entered

---

[1] 602 U.S. 821 (2024).

2

his guilty plea, so too did he waive his right to have a jury determine his status as a habitual offender."[2]  Wallace appeals.

(4)     We review the denial of a motion for correction of illegal sentence for abuse of discretion.[3]  To the extent a claim involves a question of law, we review the claim *de novo*.[4]  A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[5]

(5)     We agree with the Superior Court's determination that Wallace's enhanced sentence is not illegal.  In 2011, when Wallace committed the PFDCF offense for which he was sentenced as a habitual offender, Section 4214(a) provided in relevant part:

> Any person who has been 3 times convicted of a felony … under the laws of this State … and who shall thereafter be convicted of a subsequent felony of this State is declared to be an habitual criminal, and the court in which such 4th or subsequent conviction is had, in imposing sentence, may in its discretion, impose a sentence of up to life imprisonment upon the person so convicted. Notwithstanding any provision of this title to the contrary, any person sentenced pursuant to this subsection shall receive a minimum sentence which shall not be less than the statutory maximum penalty provided elsewhere in this title

---

[2] *State v. Wallace*, 2025 WL 3044015, at *1 (Del. Super. Oct. 30, 2025).
[3] *Fountain v. State*, 100 A.3d 1021, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014) (TABLE).
[4] *Id.*
[5] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

3

for the 4th or subsequent felony which forms the basis of the State's petition to have the person declared to be an habitual criminal except that this minimum provision shall apply only when the 4th or subsequent felony is a Title 11 violent felony, as defined in § 4201(c) of this title.[6]

Because PFDCF was a class B violent felony, Wallace was subject to a sentencing range of 25 years up to life imprisonment if he had three prior felony convictions.[7]

(6) In *Erlinger*, the United States Supreme Court considered a sentence imposed under the federal Armed Career Criminal Act and stated that "[v]irtually any fact that increases the prescribed range of penalties to which a criminal defendant is exposed must be resolved by a unanimous jury beyond a reasonable doubt" *or* "freely admitted in a guilty plea."[8] As part of his plea agreement, Wallace admitted the facts—his prior felony convictions—that exposed him to habitual-offender sentencing under Section 4214(a). His sentence therefore is not illegal under *Erlinger*.[9]

---

[6] 11 *Del. C.* § 4214(a) (effective June 30, 2010 to Aug. 31, 2011).

[7] *See id.* § 1447A(a) (effective July 9, 2001 to May 23, 2018) (defining PFDCF as a class B felony); *id.* § 4205(b)(2) (effective June 30, 2003 to present) (establishing a sentencing range of 2 to 25 years for a class B felony); *id.* § 4201(c) (effective June 30, 2010 to Aug. 31, 2011) (defining PFDCF as a violent felony).

[8] *Erlinger*, 602 U.S. at 834 (citation modified).

[9] Wallace has waived the argument he raises for the first time on appeal. Del. Supr. Ct. R. 8. In any event, an ineffective-assistance-of-counsel claim is not cognizable in a motion for the correction of an illegal sentence. *See Brittingham*, 705 A.2d at 578 ("The narrow function of Rule 35 is to permit correction of an illegal *sentence*, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence." (cleaned up)).

4

(7)    In its answering brief, the State argues that the Superior Court did not err when it denied Wallace's motion for the correction of an illegal sentence. The State asserts, however, that this matter must be remanded to modify Wallace's probationary term because it exceeds the two-year statutory cap on a probationary term for a violent felony, in the absence of additional findings made on the record by the sentencing judge.[10] We agree that a limited remand is appropriate.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED. This matter is hereby REMANDED to the Superior Court to ensure that the probationary period of Wallace's sentence complies with 11 *Del. C.* § 4333.  Jurisdiction is not retained.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[10] 11 *Del. C.* § 4333(b)(1) (effective July 12, 2004, to Aug. 7, 2012) (capping the length of the period of probation to two years for a violent felony); *id.* § 4333(d) (permitting the Superior Court to impose a longer period of probation if it makes certain findings on the record).